## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RODERICK WOODS** ) | |
| Plaintiff, ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:16-cv-11682** |
| ) | |
| **PENN CREDIT CORPORATION** ) | |
| Defendant, ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.      INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Roderick Woods, an individual consumer, against Defendant's violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter "TCPA"), by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

### II.      JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business and resides here, personal jurisdiction is established.

### III.      PARTIES

4.  Plaintiff, <u>Roderick Woods</u> (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in <u>Hampden County</u>, in the state of <u>Massachusetts</u>.

5.  Defendant, <u>Penn Credit Corporation</u> (hereinafter "Defendant") is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in <u>Dauphin County</u>, in the state of <u>Pennsylvania</u>.

6.  Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.  At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    FACTUAL ALLEGATIONS

8.  Sometime before August 17, 2016, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and was therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, prior to August 17, 2016; seeking and demanding payment for an alleged consumer debt owed under an account number.

12.  Plaintiff called Defendant in late April of 2016 and politely asked Defendant to stop calling his cell phone number ending in XXX-XXX-4497.  Defendant told Plaintiff the phone number would be removed.

13. Despite this, Defendant has continued to call Plaintiff back on at least two occasions, using its automated telephone-dialing machine, between then and the date of the filing of this complaint, in violation of both the FDCPA and TCPA; knowing this conduct would harass, annoy, and frustrate Plaintiff.

14.  These calls between Plaintiff and Defendant were "communications", as defined by 15 U.S.C. § 1692a(2), and Defendant's conduct was in violation of both the TCPA and the FDCPA; including but not limited the FDCPA's 15 U.S.C. §§1692c(a)(1), §1692d, and §1692f.

## V.    CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

15. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay on the alleged debt.

18. As a result of the foregoing violations of the FDCPA in its attempts to collect on the alleged debt, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

19. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the TCPA including each and every one of the provisions of the TCPA, 47 U.S.C. § 227 et seq. with respect to Plaintiff.

21. As a result of the foregoing violations of the TCPA, Defendant is liable to Plaintiff, for actual damages pursuant to 47 U.S.C. § 227, statutory damages in an amount up to $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227, treble damages pursuant to 47 U.S.C. § 227, and reasonable costs and attorney fees pursuant to 47 U.S.C. § 227, from Defendant herein.

## VI.   **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Roderick Woods respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations; as well as for the emotional distress suffered as a result of the intentional and/or negligent TCPA violations; and also for the emotional distress suffered as a result of violations of the tort of invasion of privacy recognized in the Commonwealth of Massachusetts; in amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1,000.00 that Defendant violated the FDCPA, from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Trebled statutory damages that Defendant violated the TCPA, from Defendant pursuant to 47 U.S.C. § 227 et seq.

D. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E.  Punitive damages from Defendant and for Plaintiff.

F. For such other and further relief as the Court may deem just and proper.

Dated:  August 17, 2016

RESPECTFULLY SUBMITTED,
By: /s/ Kevin Crick
Kevin Crick, Esq.
BBO:  680950
Rights Protection Law Group, PLLC
8 Faneuil Hall Marketplace, Third Floor
Boston, Massachusetts 02109
Phone: (844) 574-4487
Fax: (888) 622-3715
k.crick@rightsprotect.com
**Attorney for Plaintiff**

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Roderick Woods demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.